UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHNNY DEAN, SR. | § | CIVIL ACTION NO. 16-14254 |
| | § | |
| VS. | § | SECTION: |
| | § | MAGISTRATE: |
| SEA SUPPLY, INC., SEA SUPPLY, INC. COB AND *JESSICA ELIZABETH in rem* | §<br>§ | |

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff Johnny Dean, Sr. ("Plaintiff"), who files this claim against Defendants Sea Supply, Inc., Sea Supply, Inc. COB, and *Jessica Elizabeth*, *in rem* and would respectfully show as follows:

**I. PARTIES**

1.1 Plaintiff Johnny Dean, Sr., is a resident of the Parish of Terrebonne, State of Louisiana.

1.2 Defendant Sea Supply, Inc., is a Louisiana corporation with its principal place of business in Terrebonne Parish, Eastern District of Louisiana, doing business in this District and the State of Louisiana for the purpose of accumulating monetary profit and may be served with process through its registered agent Jimmie B. Martin, 18104 West Main Street, Galliano, Louisiana 70345.

1.3 Defendant Sea Supply, Inc. COB, is a Louisiana corporation with its principal place of business in Terrebonne Parish, Eastern District of Louisiana, doing business in this District and the State of Louisiana for the purpose of accumulating monetary profit and may be served with process through its registered agent Jimmie B. Martin, 18104 West Main Street, Galliano, Louisiana 70345.

1.4 Defendant *Jessica Elizabeth, in rem,* a vessel owned and/or operated by Defendant Sea Supply, Inc. is also subject to the jurisdiction of this Honorable Court.

## II. JURISDICTION

2.1 The Court has jurisdiction over the lawsuit under 28 U.S.C. §1333 because the suit involves admiralty and maritime jurisdiction. This case is brought pursuant to the Jones Act 46 U.S.C. § 30104.

## III. VENUE

3.1 Venue is proper pursuant to 28 U.S.C. § 1391.

## IV. FACTS

4.1 At all material times hereto, Defendants owned, operated and/or crewed the *Jessica Elizabeth,* the vessel on which Plaintiff was working at the time of injury made the basis of suit, a vessel in navigable waters.

4.2 At all material times hereto, Plaintiff was employed by Defendants as a captain and member of the crew of the *Jessica Elizabeth*.

4.3 On or about August 29, 2015, while Plaintiff was performing his duties in the service of the vessel, he slipped and fell causing him to injure his body, including back and neck. The serious and debilitating injuries suffered by Plaintiff were caused by the negligence and/or gross negligence of Defendants, and unseaworthiness of the vessel, in the following particulars, among others:

(a) failing to maintain the vessel and her appurtenances and/or equipment in a safe and reasonable state of repair;

(b) failing to take reasonable precautions for Plaintiff's safety;

(c) failing to warn Plaintiff of known and/or existing hazards; and

(d) other acts of negligence and/or omissions to be shown at trial herein.

## V. JONES ACT

5.1 Plaintiff's injuries were suffered in the course of his employment and were caused by the negligence and/or gross negligence of Defendants, their officers, agents, and/or employees, as described herein.

## VI. COUNT 2 - UNSEAWORTHINESS

6.1 Plaintiff's injuries were caused by Defendants' breach of its absolute duty to furnish a seaworthy vessel.

## VII. COUNT 3 - MAINTENANCE AND CURE

7.1 Plaintiff would show that on the above mentioned date, he was injured while in the service of the vessel. As a result, Defendants had, and continue to have, a non-delegable duty to provide Plaintiff with the benefits of maintenance and cure. Plaintiff would show that he has not reached maximum medical improvement and that Defendants' duties therefore continue. Defendants breached their absolute duty by denying payment of maintenance and cure. As a result of Defendants' failure to pay and/or delay in paying the benefits of maintenance and cure, Plaintiff has suffered further injuries and damages, for which he now sues. Plaintiff would further show that Defendants' failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and capricious, or wilful, callous and persistent, and that, as a result thereof, Plaintiff is entitled to an award of damages for aggravation of his condition caused by Defendants' failure, as well as attorneys' fees, and punitive damages, for which he now sues, in addition to all other relief sought.

## VIII. DAMAGES

8.1 As a direct and proximate result of Defendants' negligence and/or gross negligence, Plaintiff suffered the following injuries and damages, including, but not limited to:

(a) mental anguish in the past; (b) mental anguish that he is likely to sustain in the future; (c) lost earnings; (d) loss of earning capacity; (e) permanent disfigurement; (f) physical impairment in the past; (g) physical impairment that he is likely to sustain in the future; (h) medical expenses in the past; (i) medical expenses that he is likely to incur in the future; (j) physical pain and suffering in the past; (k) physical pain and suffering that he is likely to sustain in the future; (l) pecuniary and non-pecuniary damages to which he is entitled, including punitive damages.

9.1 The Plaintiff respectfully requests a trial by jury.

WHEREFORE, Plaintiff prays for judgment against Defendants for: actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; punitive damages and attorney's fees; costs of suit; and all other relief to which he may be entitled.

Respectfully submitted,

s/James J. Carter
James Carter, Esq. (#26841)
James Carter & Associates, LLC
1100 Poydras Street
Suite 1160
New Orleans, LA 70163
Telephone: 504.799.2238
Facsimile: 504.302.4299
Email: jcarter@jamescarterlawfirm.com