UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNY DEAN, SR. | CIVIL ACTION |
| VERSUS | NO. 16-14254 |
| SEA SUPPLY, INC., ET AL. | SECTION "L" (3) |

**ORDER & REASONS**

Before the Court is Plaintiff's motion for reconsideration. R. Doc. 112. Defendant opposes the motion. R. Doc. 113. Having reviewed the parties' arguments and applicable law, the Court now issues this Order & Reasons.

I.  BACKGROUND

This case involves a claim for damages for injuries arising out of an accident on board a maritime vessel. Plaintiff Johnny Dean, Sr. was employed as a captain and member of the crew of JESSICA ELIZABETH, a vessel owned, operated, and/or crewed by Defendant Sea Supply, Inc. R. Doc. 1 at 1-2. On August 9, 2015, Dean slipped and fell, resulting in injuries to his back and neck. R. Doc. 1 at 2. Dean alleges Defendants Sea Supply, Sea Supply Inc. COB, and the vessel JESSICA ELIZABETH are liable for his injuries under the Jones Act because they were caused by the Defendants' negligence, and by their breach of duty to provide a seaworthy vessel. R. Doc. 1 at 3. Dean claims he is owed maintenance and cure, and should receive damages for physical and mental injuries, medical expenses, pain and suffering, and punitive damages. R. Doc. 1 at 4.

Defendants timely answered the complaint, and argue that Plaintiff failed to state a claim upon which relief can be granted. R. Doc. 4 at 1. Defendants further raise the defenses of

contributory negligence; comparative fault; primary duty doctrine; that the injuries were caused by third parties; that the injuries were pre-existing or were caused by superseding causes; and that Dean failed to mitigate his damages. R. Doc. 4 at 4. Finally, Defendants aver that Dean was not injured in the service of any vessel owned by Defendants, and that if any injuries were suffered, Dean is at maximum medical improvement. R. Doc. 4 at 4.

A bench trial was held on June 26, 2018 and the Court found in favor of Defendant dismissing all of Plaintiff's claims. R. Doc. 110.

## II. PRESENT MOTION

Plaintiff moves for reconsideration of the Court's findings arguing that fault should be apportioned between the parties. R. Doc. 112-1 at 1. Plaintiff argues that Defendant Sea Supply was partially at fault and Plaintiff should recover based on Defendant's contributory negligence. R. Doc. 112-1 at 2. First, Plaintiff argues that it was negligent for Sea Supply not to fix the No. 4 engine prior to the accident. R. Doc. 112-1 at 3. Second, Plaintiff argues that it was negligent for Sea Supply to fail to enforce its footwear policies. R. Doc. 112-1 at 5. Third, Plaintiff argues that the M/V JESSICA ELIZABETH was unseaworthy because the No. 4 engine was faulty. R. Doc. 112-1 at 10. Furthermore, Plaintiff argues that it is inaccurate to blame the accident entirely on Plaintiff's shoes and compare his shoes to those of Mr. Bright, the deckhand, because Mr. Bright was not standing in the bilge and so his shoes were not as oily. R. Doc. 112-1 at 11. Finally, Plaintiff argues that his negligence in wearing improper shoes should not "cancel out" Defendant's negligence. R. Doc. 112-1 at 12.

Defendant responds in opposition arguing that Plaintiff is simply trying to relitigate this case. R. Doc. 113 at 2. Defendant argues that Plaintiff has failed to show any newly discovered evidence. R. Doc. 113 at 2. Defendant further argues that Plaintiff does not given reasons for any

manifest errors in the Court's findings; rather Plaintiff disagrees with the Court's findings. R. Doc. 113 at 3. Defendant argues that Plaintiff's shoes were not the only reason that the Court found that Plaintiff's actions were the sole cause of his injuries. R. Doc. 113 at 5. Defendant further argues that it is not rare for a plaintiff to be found the sole cause of his injuries in a Jones Act case. R. Doc. 113 at 7. Accordingly, Defendant argues that Plaintiff's motion should be denied. R. Doc. 113.

## III. LAW AND ANALYSIS

A motion that calls into question the correctness of a judgment is typically a motion under Federal Rule of Civil Procedure 59(e). *Bodin v. Gulf Oil Corp.*, 877 F.2d 438, 440 (5th Cir. 1989). Rule 59(e) motions must be filed within 28 days of the final judgment. Fed. R. Civ. P. 59(e). When deciding whether to grant a Rule 59(e) motion, the district court has considerable discretion. *Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993); *see also Flynn v. Terrebonne Parish School Bd.*, 348 F. Supp. 2d 769, 771 (E.D. La. 2004). In order to prevail on a Rule 59(e) motion to alter or amend the judgment, courts in this district have held that the moving party must prove that either: "(1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence, (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is necessary is justified by an intervening change in the controlling law." *Flynn*, 348 F. Supp. 2d at 771.

Additionally, a "[c]ourt's reconsideration of a prior order is an extraordinary remedy which should be used sparingly." *Id.* at 771. The Fifth Circuit favors denial of Rule 59(e) motions to amend or alter. *See Southern Constructors Group, Inc. v. Dynalectric Co.*, 2. F.3d 606, 610-11 (5th Cir. 1993). Accordingly, "[a] Rule 59(e) motion . . . cannot be used to relitigate issues with new arguments that could and should have been presented before the judgment was

3

rendered." *Fidelity & Deposit Co. of Md. v. Omni Bank*, No. 99-1167, p. 3 (E.D. La. Oct. 21, 1999), 1999 WL 970526. When a party seeks to challenge a summary judgment on the basis of evidence not introduced at trial, the district court must balance the need to bring litigation to an end and the need to render just decisions. *Lavespere v. Niagra Mach. & Tool Works*, 910 F.2d 167, 174 (5th Cir. 1990).

Here, Plaintiff alleges that the Court's findings were in error; the arguments made by Plaintiff were made previously at trial and Plaintiff's current motion comes close to an attempt to relitigate the issues already determined at trial. The Court's Findings of Fact and Conclusions of Law clearly state the Court's reasoning and findings that, regardless of any negligence or unseaworthiness on the part of the Defendant, Plaintiff's own negligent actions were the sole cause of his fall and injuries. R. Doc. 110 at 7, 11-12. Plaintiff argues that it was error for the Court to find that Plaintiff's tennis shoes were the sole cause of the accident. However, Plaintiff neglects the other causes listed by the Court. The Court found that the accident was caused by several of Plaintiff's negligent actions including failing to wear required safety footwear, failing to ask for help from his deckhand, failing to clean the walkway that he knew was oily, and failing to clean his shoes when he knew they were covered in oil despite the availability of rags and absorbent pads. R. Doc. 110 at 4, 6-7, 11-12. Accordingly, it is inaccurate to suggest that the Court's findings rely merely on the fact that Plaintiff was wearing tennis shoes in the engine room. Rather, the Court found that several of Plaintiff's actions were negligent and the sole cause of his accident.

Additionally, Plaintiff argues that his own negligence should not "cancel out" that of the Defendant. This reasoning is applicable only when the comparative negligence of both parties are causes of the accident and injuries. Here, the Court did not reason that Plaintiff's negligence

4

"cancelled out" Defendant's negligence. Indeed that Court did not find that Defendant was negligent at all.[1] R. Doc. 110 at 5-7. Rather, the Court found that Plaintiff's negligent actions were the sole cause of his accident and injuries. If this motion were considered under a Rule 60 standard the result would not be different.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration, R. Doc. 112, is hereby **DENIED**.

New Orleans, Louisiana, this 17th day of August, 2018.

ELDON E. FALLON
United States District Judge

---

[1] The Court did find that the malfunction of the No. 4 engine created an unseaworthy condition. However, the Court concluded that this condition was a not a cause of the accident or injury. Accordingly, the Court did not reason that Plaintiff's negligence "cancelled out" the unseaworthiness. R. Doc. 110 at 7, 10.